In the Matter of the Claim of RICHARD HERDICK, Respondent, *v.* NEW YORK ZOOLOGICAL SOCIETY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 20, 1974.

*Herbert Lasky (Joseph F. Manes* of counsel), for appellants.

*Jacowitz & Silverman* for Richard Herdick, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J.   The claimant commenced work for the employer as an animal keeper at the Bronx Zoo in 1947 or 1948.   During this period of time it was part of his duties to clean and feed the animals to which he was assigned, and, among other things, he had been assigned to work in the monkey cage and with a herd of deer.   He testified that in 1965 he worked with deer and monkeys at about the time when such animals became infected with tuberculosis.   The employer's records established that there was such an outbreak of tuberculosis among the monkeys and deer in and about 1965.   In 1967 the claimant started feeling tired and losing weight and on May 15, 1968 he was diagnosed by his attending physician as having tuberculosis of the lungs.

The board found " that the claimant's occupation and the necessary contact in caring for diseased animals resulted in the claimant's contraction of tuberculosis."

The appellants contend that the record does not contain substantial evidence that tuberculosis would be an " occupational

disease '' within the meaning of subdivision 2 of section 3 of the Workmen's Compensation Law, and further that there is insufficient evidence to support the finding that claimant's tuberculosis was contracted by exposure to the animals.

The medical evidence in the record does not establish any definite period of incubation which would be expected to pass between the time when an individual ingested the tubercular bacillus to the time when symptoms would begin to develop. It is common knowledge that people in general might well be exposed to tubercular bacillus in many different ways and upon many occasions throughout their lives. In the present case it was established that the particular strain or type of tuberculosis which claimant contracted was mycobacterium tuberculosis. The record establishes that many of the animals with which claimant had close association had a strain of tuberculosis known as mycobacterium bulbosa, which would apparently not be the cause of the claimant's tuberculosis. However, there was direct evidence that one of the monkeys did in fact have a strain identical to that of claimant's mycobacterium tuberculosis.

The claimant testified that in feeding the monkeys he would almost touch them with his hand. It appeared from the testimony of claimant's supervisor that the keepers did not enter the monkey cage with the monkeys except on rare occasions. A veterinarian who had been employed by the employer during the period in question testified that keepers would have to go into the monkey cages and that there would be contact in regard to cleaning. There was no dispute that such contact could be sufficient to transmit tuberculosis.

The record amply establishes sufficient evidence to support the board's finding that claimant's tuberculosis resulted from his contact with the animals in the zoo. (See *Matter of Lachowicz* v. *Albany Med. Center Hosp.*, 30 A D 2d 1004, 1005.)

As to occupational disease, the record establishes that tuberculosis is not an uncommon disease in regard to animals and that the nature of the work of a keeper would necessarily result in such contact with the animals as would distinguish the type of exposure to tuberculosis from that found in other areas of employment. The record establishes that the closeness of contact between diseased animals and their keepers is greatly similar to that found in hospitals between persons having direct contact with patients or with paraphernalia which has been in direct contact with patients. As to a keeper, the cleaning of the animals and their living areas obviously requires

intimate contact which is not present in regard to employment generally. The record establishes that exposure to tuberculosis by a keeper of animals is "a natural incident of a particular occupation, and attach[es] to that occupation a hazard which distinguishes it from the usual run of occupations and is in excess of the hazard attending employment in general." (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, 318–319.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GREENBLOTT, SWEENEY, MAIN and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.